United States District Court
Southern District of Texas

**ENTERED**

September 30, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE BARBARA REED,       §     CASE NO. 4:16-MC-1964
                     §
      Petitioner      §
                     §
                     §

## OPINION AND ORDER

Pending before the Court in the above referenced cause are the following matters: (1) Petitioner Barbara Reed's ("Reed's") first amended verified petition[1] to perpetuate her own testimony for use in her anticipated suit due to her asbestos related mesothelioma disease pursuant to Federal Rule of Civil Procedure 27 (instrument #23); (2) Respondent Plastics Engineering Company's ("Plenco's) motion to dismiss (#18); (3) Respondent Liquidating Reichhold Inc.'s ("Reichhold's") motion to dismiss for lack of jurisdiction (#29); (3) Respondent Schneider Electric USA, Inc. f/k/a Square D. Company's ("Square D's") opposition to Reed's petition (#20); and (4) Respondent General Electric Company's ("GE's") response in opposition (#21). A hearing was held on September 22, 2016, which was attended by counsel for the above named parties and for Parties of Interest Occidental Petroleum, Rogers Corporation, Solvay America, Inc., and Union Carbide Corporation.

---

[1] Reed's amended petition (#23) corrects some factual errors in her original petition (#1) and provides some responsive information to the four Respondents' motions to dismiss and objections, as does her reply (#24).

## Factual Allegations

Petitioner's amended petition states that she was exposed to asbestos while working in the Plastics Mold Cleaning and Bakelight Departments at the Square D Manufacturing Plant in Cedar Rapids, Iowa from 1971-1976. She was diagnosed with mesothelioma on April 26, 2016 and had her right lung removed on July 20, 2016. She has been treated by and is participating in a clinical trial by Dr. David Sugarbaker at Baylor College of Medicine in Houston, Texas, but four weeks after her surgery she returned home to Iowa.

The petition represents that Reed has lost thirty-five pounds since her diagnosis and currently weighs 115 pounds, has suffered from low blood pressure making it difficult for her at times to stand, walk around the house, and bathe by herself. She is in constant pain in her head and chest and is unable to return to work. She has an appointment to return to Baylor College of Medicine on October 11, 2016, at which time Dr. Sugarbaker will determine if she has gained back sufficient weight to be treated with chemotherapy. The petition states, "It is unlikely that Ms. Reed will gain back the weight by her October appointment and her prospects if she does not receive the chemotherapy are not good."

Anticipating filing a lawsuit for personal injury or wrongful death against her employer at Square D Manufacturing Plant and the suppliers of the raw asbestos and asbestos-containing phenolic compounds to the plant during the years she was employed there, Reed seeks a court order authorizing her oral and videotaped deposition for use in her anticipated suit, given

-2-

the exigent circumstances of her gravely compromised and rapidly deteriorating health and the possibility of her death before her attorneys can complete their investigation, identify the asbestos-containing products to which she was exposed and the proper defendants, and prepare to file her lawsuit. She states that she is the only person with knowledge of certain material facts about her exposure to asbestos, her injuries from that exposure, and her injuries from mesothelioma.

### Rules for Pre-Suit Depositions to Perpetuate Testimony

Federal Rule of Civil Procedure 27(a) establishes the procedure for obtaining a pre-suit deposition to perpetuate testimony. A petitioner may file a verified petition in the district court where any expected adverse party resides to obtain court authorization to perpetuate testimony before actually filing her lawsuit. The petition must be titled in the petitioner's name and show "(1) That the petitioner expects to be a party to a cognizable action but is presently unable to bring it; (2) The subject matter of the action and the petitioner's interest in it; (3) The facts the petitioner desires to establish by proposed testimony and the reasons for perpetuating it; (4) The names of, or description of, the expected adverse parties, and their addresses; and (5) The names and addresses of the persons to be examined and the substance of the testimony that the petitioner expects to elicit." Rule 27(a). Before authorization of such a deposition prior to the commencement of a lawsuit, the Fifth Circuit requires the court to determine (1) that there is a reasonable likelihood that the petitioner will be a party to an

action; (2) such action is cognizable; (3) the petitioner is currently unable to bring the action or cause it to be brought; and (4) the testimony will probably be lost if the deposition is not authorized. *Shore v. Acands, Inc.*, 644 F.2d 386, 388 (5ᵗʰ Cir. 1981). The petitioner must also show that in the contemplated future action for which the testimony would be perpetuated, federal jurisdiction would exist. *Dresser Industries, Inc. v. U.S.*, 596 F.2d 1231, 1238 (5ᵗʰ Cir. 1979)("There need not be an independent basis of federal jurisdiction in a proceeding to perpetuate, but it must be shown that in the contemplated action, for which the testimony is being perpetuated, federal jurisdiction would exist and thus is a matter that may be cognizable in federal courts."), *cert. denied*, 444 U.S. 1044 (1980).

From the filings and from the presentations and stipulations at the hearing, the Court finds that Reed has adequately satisfied most of the Rule's substantive requirements and the interested parties' objections to her petition, including that she has not shown that there would be complete diversity jurisdiction among the parties in the anticipated lawsuit, so that that lawsuit would be "cognizable in a United States court" under Rule 27(a)(1)(A).[2]

---

[2] To establish complete diversity for the future lawsuit, a petitioner must show that the amount in controversy exceeds $75,000, exclusive of interest and costs, and that she is completely diverse from the potential defendants. The petition states that Reed's medical bills are well over $75,000, and there has been no dispute about the first element. It was agreed during the hearing that Reed is a citizen of Iowa and that none of the so-far-identified interested parties' places of incorporation and principal places of business were in Iowa. The Court agrees with Reed that she cannot be required to demonstrate the citizenship of

-4-

Two key issues remain for resolution: (1) whether collateral estoppel, based on Judge Mark Davidson's sustaining the special appearances and dismissal of the four respondents for lack of personal jurisdiction in Texas of a similar petition filed by Reed in the Eleventh Judicial District Court of Harris County, Texas under Texas Rule of Civil Procedure 202, bars this instant miscellaneous action; and (2) whether Reed is "currently unable to bring the action or cause it to be brought" as required by *Shore v. Acands, Inc.*, 644 F.2d at 388.

"The doctrine of collateral estoppel [also known as issue preclusion] gives preclusive effect to factual issues resolved in a former suit when: (1) the factual issues currently in dispute are identical to the ones involved in the prior litigation; (2) the factual issue was actually litigated in the prior action; and (3) the determination of the factual issue in the prior case was critical and necessary to the judgment in the earlier decision." *EEOC v. MCI Telecommunications Corp.*, 820 F. Supp. 300, 307 (S.D. Tex. 1993), *citing Meza v. General Battery Corp.*, 908 F.2d 1262, 1273 (5th Cir. 1990). "Collateral estoppel operates as a complete bar to the subsequent action when the factual issues that are precluded from relitigation are determinative of the matter in controversy in the later suit, even if the two suits were based on different causes of action." *Id. citing Eubanks v. Getty Oil Co.*, 896 F.2d 960, 963 (5th Cir. 1990).

---

unknown parties. Federal Rule of Civil Procedure 27(a)(1)(D) only requires Reed to show "the names or description of a person whom petition expects to be adverse parties an their addresses, **so far as known.** [emphasis added by the Court]"

*See also Next Level Communications LP v. DSC Communications Corp.*, 179 F.3d 244, 250 (5th Cir. 1999)("[C]ollateral estoppel encompasses three elements:   '(1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a necessary part of the judgment in that earlier action.'"), *quoting RecoverEdge LP v. Pentecost*, 44 F.3d 1284, 1290 (1995).   The doctrine protects parties from multiple lawsuits or possibly inconsistent decisions and conserves judicial resources. *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 553 (1990).  If some litigants were not included in the prior action, collateral estoppel may still apply if the party against whom collateral estoppel applies had a full and fair opportunity to litigate the issue in the previous action.   *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 353 (5th Cir. 2009).

Reed previously moved for pre-suit discovery under Texas Rule of Civil Procedure 202 in the Eleventh Judicial District Court of Harris County.   GE, Square D, Reichhold, and Plenco filed special appearances,[3] which Judge Mark Davidson sustained and he denied Reed's petition for lack of personal jurisdiction over the four Respondents because of their lack of sufficient contacts with Texas.   #20-2, Ex. B.[4]   The same four Respondents

---

[3]   This Court notes that there is no protection in the federal rules parallel to Texas' Rule 120a's special appearance procedure.

[4]   A transcript of the hearing before Judge Davidson is filed in #20-3, Ex. C.

-6-

now seek application of the doctrine of collateral estoppel to bar the instant Rule 27(a) ancillary proceeding, based on Judge Davidson's ruling that Texas lacks personal jurisdiction over them.

After carefully reviewing the record and the applicable law, this Court concludes that the doctrine of collateral estoppel should not bar this ancillary proceeding because of key distinctions between the requirements of Federal Rule 27(a) and relevant parts of its Texas counterpart, Texas Rule of Civil Procedure 202; the issues at stake are not identical and Judge Davidson's decision is inapplicable to this proceeding under Federal Rule 27(a).

The Court quotes those portions of Rule 202 that are relevant to the collateral estoppel issue and highlights key provisions. Rule 202.1 provides,

> A person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either:
>
> (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit;
>
> (b) **to investigate a potential claim or suit.**

Rule 22.2 recites,

The petition must:

(a) be verified;

(b) be filed in **a proper court of any county:**

(1) **where venue of the anticipated suit may lie, if suit is anticipated;**[5] or

(2) where the witness resides, if no suit is yet anticipated;

(c) be in the name of the petitioner;

(d) state either:

(1) that the petitioner anticipates the institution the institution of a suit in which the petitioner may be a party; or

---

[5] Reed and her counsel have represented that they fully intend to file suit on her behalf. Reed's counsel filed her petition in state court in Harris County, Texas because Reed was in Houston undergoing treatment for her mesothelioma. Under Rule 202.2(b)(1) Reed could file her subsequent lawsuit in the same district. Judge Davidson appears to have misconstrued Rule 202.2(b)(1)'s provision that the "petition must be filed in a proper court of any county . . . where venue of the anticipated suit **may** lie, if suit is anticipated [emphasis added]" as compulsory, i.e., meaning that the petitioner had to file the suit in the same county as she filed her petition for pre-suit deposition. During the hearing in front of Judge Davidson he asked Reed's attorney, "As an officer of the Court, are you representing that if allowed to proceed on 202 depositions and if a lawsuit is filed, it will be filed within the state of Texas?," she replied, "I can't represent that, because we would like to hold all the defendants in one court. So it looks like Iowa maybe is where we're headed." Tr., Ex. C, #20-3, p. 11, ll. 6-9. The Court stated, "Procedurally, I am bothered by using Texas' fairly liberal pre-suit deposition policy as a way to get pre-suit discovery on cases that aren't going to be filed in Texas." *Id.*, p. 13, ll. 13-16. In closing Judge Davidson stated, "Without prejudice to what I might do should the lawsuit on the merits be filed in Texas, at this time I will deny the relief requested: A, because an alternate means of preserving Ms. Reed's testimony exists within the procedures of the State of Iowa; B, because there is very little connection between the State of Texas and Ms. Reed; and C, frankly, because I'm less than--so--well, I'm less than certain that this lawsuit, any lawsuit involving Ms. Reed when and should it be filed, would be filed within the State of Texas." *Id.* at p. 17 l. 16-p. 17, l.1. He then sustained the special appearances and dismissed the four respondents for lack of jurisdiction. Regardless of Judge Davidson's interpretation of Rule 202, as will be discussed, for purposes of the collateral estoppel doctrine, the provision in Texas Rule 202 that Judge Davidson referenced conflicts with Federal Rule 27a's provision for jurisdiction of the ancillary proceeding and of the anticipated lawsuit.

-8-

> (2) **that the petitioner seeks to investigate a potential claim by or against petitioner;**
>
> (e) state the subject matter of the anticipated action, if any, and the petitioner's interest therein;
>
> (f) if suit is anticipated, either:
>
>> (1) state the names of the persons petitioner expects to have interests adverse to petitioner's in the anticipated suit, and the addresses and telephone numbers for such persons; or
>>
>> (2) state that the names, addresses, and telephone numbers of the persons petitioner expects to have interests adverse to petitioner's in the anticipated suit cannot be ascertained through diligent inquiry, and describe those persons;
>
> (g) state the names, addresses and telephone numbers of the person to be deposed, the substance of the testimony that the petitioner expects to elicit from each, and the petitioner's reasons for desiring to obtain the testimony of each; and
>
> (h) request an order authorizing the petitioner to take the depositions of the persons named in the petition.

Where the petitioner anticipates filing a lawsuit subsequently, as Reed's counsel clearly stated that she does, Texas Rule 202.1 requires the petition for pretrial deposition to be filed in the "proper court" of any county where venue of the anticipated suit may lie. As expressly stated, Rule 202, unlike Federal Rule 17(a), permits a party to move not only for a deposition, but also for discovery from any party which is a potential defendant in a subsequent suit. In *In re John Doe a/k/a "Trooper,"* 444 S.W. 3d 603, 608 (Tex. 2014), in construing the

Rule the Texas Supreme Court imposed some restrictions on the Rule's broad provision allowing discovery of potential claims and defendants.  It held that Rule 202 requires a petitioner to file his petition for a pre-litigation deposition "in a proper court," i.e, one that must have personal and subject matter jurisdiction over the parties in the ancillary Rule 202 suit who are potential defendants in the subsequent lawsuit.  Under *Trooper* the permitted discovery is now furthermore limited to issues relating to jurisdiction; otherwise, according to the Texas Supreme Court, the rule would be unreasonably expansive and allow anyone in the world to use the rule to investigate anyone else in the world against whom suit could be brought.  *Trooper* 444 S.W. 3d at 608, 610. Still the Texas Supreme Court conceded, "[N]o other American jurisdiction allows pre-suit discovery as broadly as Texas does." *Id.* at 609.  It is also relevant that Texas Rule of Civil Procedure 120a, which has no federal counterpart, provides a potential defendant with protection by allowing any party to file a special appearance to contest jurisdiction over it, and that party is entitled to have the issue decided by the Rule 202 court **before** any other pleading is addressed.  Significant for purposes of collateral estoppel, the requirement of personal jurisdiction in Texas and the allowance of discovery regarding personal jurisdiction have significant legal ramifications.

Judge Davidson's order does not control this ancillary proceeding.  Texas Rule 202 and Federal Rule 27(a) are procedural rules.  Under the *Erie* doctrine, "federal courts sitting in diversity apply state substantive law and federal procedural law."

*National Liability & Fire Ins. Co. v. R&R Marine, Inc.*, 756 F.3d
825, 834 (5th Cir. 2014), *citing Gasperini v. Ctr. for Humanities,
Inc.*, 518 U.S. 415, 427 (1996).[6] Moreover, the broad scope of the
Federal Rule 27(a) is in "direct collision" with Texas Rule 202
and "leaves no room for operation" of Rule 202.   *Id., citing All
Plaintiffs v. All Defendants*, 645 F.3d 329, 333 (5th Cir. 2011),
*citing Hanna v. Plumer*, 380 U.S. 460, 469-70 (1965).  Unlike Texas
Rule 202, Federal Rule 27(a)(1) has a very liberal jurisdictional
provision for a proceeding to perpetuate testimony ("where *any
expected adverse party resides*").[7]   Two of the potential
defendants in Reed's anticipated lawsuit, Solvay America, Inc. and
Union Carbide Corporation, are headquartered in Houston, Texas,
which is thus a proper venue for this ancillary proceeding under
the Federal rule.   Significantly Rule 27(a) does not mention
personal jurisdiction.  It authorizes the petitioner to serve a
copy of her petition and a notice of hearing "inside or outside
the district or state in the manner provided in [federal] rule 4."
Under  Rule  27(a)(2),  if  service  cannot  be  effected  "with
reasonable diligence on an expected adverse party, the court may
order service by publication or otherwise.  Furthermore the court
must appoint an attorney to represent persons not served in the
manner in Rule 4 and to cross-examine the deponent if an unserved

---

[6] Furthermore state court decisions on discovery are
usually not binding on a federal court.

[7] Petitioner's subsequent lawsuit is cognizable in
federal court under diversity jurisdiction; if a potential
defendant cannot be sued in Iowa, it can be sued wherever it was
incorporated or where its principal place of business is.

person is not otherwise represented."[8]   The docket sheet and record reflect that GE, Plenco, Square D, Reichhold, Rogers Corporation, Occidental Petroleum, Union Carbide, and Solvay America were served, and counsel for all of them attended the September 22, 2016 hearing before this Court.   In addition Rule 27(a) provides the court in which the petition for pre-suit deposition is filed, if it satisfies the rule's requirements, with the authority and discretion to grant Petitioner the relief she seeks.

Rule 27(a) of its own force creates a separate ancillary or auxiliary proceeding. *Shore v. Acands*, 644 F.2d at 389.   The Federal Rule does not mention or require personal jurisdiction over interested parties (potential defendants in the anticipated lawsuit) who have been served.   As observed in Wright and Miller, *Federal Rule of Civil Procedure* § 2072 at 654 7 n. 2, "[T]here need not be an independent basis of federal jurisdiction for the proceeding to perpetuate." *See e.g.*, *General Motors Corp v. Gunn*, 752 F. Supp. 729 (N.D. Miss. 1990)(petition to perpetuate testimony "is not a separate action in the usual sense and thus does not require independent basis of federal jurisdiction," but instead its jurisdictional basis is dependent on that of the anticipated civil action); *Dresser Industries, Inc.*, 596 F.2d at 1238 (in an ancillary proceeding under Rule 27(a) "there need not

---

[8] This Court observes that appointment of such an attorney may not be necessary here, because counsel of the alleged asbestos-provider defendants who have been served may share and represent the similar concerns and interests of any not-yet identified and served asbestos provider to Square D.

be an independent basis of federal jurisdiction in a proceeding to perpetuate, but it must be shown that in the contemplated action, for which the testimony is being perpetuated, federal jurisdiction would exist, and thus is a matter that may be cognizable in federal courts."), *citing Arizona v. California*, 292 U.S. 341 (1934).  Rule 27(a) simply requires that the subsequent expected lawsuit be filed in a court that has subject matter and personal jurisdiction over the defendants.  As counsel for Reed stated at the hearing, that requirement may make it necessary for petitioner to file her expected lawsuit in a number of courts that have jurisdiction over the various potential defendants, but the issue of perpetuation of Reed's testimony may be resolved here, where two named interested parties reside.

Furthermore in *Arizona v. California*, 292 U.S. 341, 347 & n.3 (1934), the Supreme Court explained, "Bills to perpetuate testimony had been known as an independent branch of equity jurisdiction before the adoption of the Constitution.  Congress provided *for* its exercise by the lower courts.  There the jurisdiction has been repeatedly invoked; and it has been recognized by this Court."), *citing* Revised Statutes § 866 (18 U.S.C. § 644)("any circuit (district) court, upon application to it as a court of equity, may, according to the usages of chancery, direct depositions to be taken *in perpetuam rei memoriam* if they relate to any matters that may be cognizable in any court of the United States.").  The proceeding for perpetuating testimony is deeply rooted in equity.  *See* Nicholas A. Kronfeld, *The Preservation and Discovery of Evidence Under Federal Rule of Civil*

*Procedure 27* (Note), 78 Geo. L.J. 593, 593-94 (1990)(tracing concept back to Ancient Greece)("This use of equity--the acquisition and preservation of evidence in anticipation of a lawsuit--is found throughout the history of the civil as well as the common law.  Today, this use of equity is incorporated into rule 27 of the Federal Rules of Civil Procedure.").

The purpose of Rule 27(a)(1) is solely to permit the petitioner to preserve testimony or evidence that might be lost, concealed or destroyed before suit is filed, but, unlike its Texas counterpart, it is not for use to uncover facts that might support the future suit or to comply with Rule 11.  *In re White*, Civ. A. No. 2:10mc80-KS-MTP, 2010 WL 1780234, at *1 (S.D. Miss. May 3, 2010) citing the following cases:  *In re:  Vioxx Products Liability Litig.*, 2008 WL 1995098, at *3 (E.D. La. May 6, 2008)("Rule 27 is not to be used as a discovery statute and may not be used as 'a method of discovery to determine whether a cause of action exists.'"); *In re Landry-Bell*, 232 F.R.D. 266, 266 (W.D. La. July 14, 2005)("Rule 27 simply authorizes the perpetuation of evidence, not the discovery or uncovering of it."); *In the Matter of Allegretti*, 229 F.R.D. 93, 96 (S.D.N.Y. Aug. 2, 2005)(holding that Rule 27 may not be used "as a vehicle for discovery prior to filing a complaint"); 8A Wright Miller & Marcus, *Federal Practice & Procedure* § 2071 (2010) at 384-85 ("courts have general agreed that to allow Rule 27 to be used . . . to fish for some ground for binging suit . . .  would be an 'abuse of the rule.'").  Federal Rule 27(a) only requires that the anticipated lawsuit be filed in "any court of the United States" where federal jurisdiction makes

it "cognizable," i.e., allowing the anticipated lawsuit(s) to be filed "in any court of the United States" where federal jurisdiction (both subject matter and personal) make it "cognizable." In this case, Reed has shown that complete diversity currently exists and has indicated that she might have to file suits in different states to obtain personal jurisdiction over the various defendants, with Iowa being likely to have such jurisdiction over many of them.

As the Court in which the Rule 27(a) petition for pre-suit deposition is filed, the Court is aware of the black letter law that a court cannot enter a binding judgment against a party over which it lacks personal jurisdiction. *See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 222 (1957)("Since *Pennoyer v. Neff*, [95 U.S. 714, 726 (1877), *overruled in part on other grounds by Shaffer v. Heitner*, 433 U.S. 186 (1977),] this Court has held that the Due Process Clause of the Fourteenth Amendment places some limit on the power of state courts to enter binding judgments against persons not served with process within their boundaries).[9]

---

[9] In *Pennoyer v. Neff*, the Supreme Court limited a tribunal's jurisdiction over persons to the geographic bounds of the forum. *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (U.S. 2014). Gradually "that strict territorial approach yielded to a less rigid understanding, spurred by 'changes in technology of transportation and communication, and the tremendous growth of interstate business activity.'" *Id., quoting Burnham v. Superior Court of Cal., County of Marin*, 495 U.S. 604, 617 (1990). *International Shoe C. v. Washington,* 326 U.S. 310, 316 (1946), held that a court may exercise personal jurisdiction over an out-of-state defendants not present in the territory of the forum if the defendant has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Subsequently, the Supreme Court distinguished the exercise of specific jurisdiction from that of general jurisdiction. *Daimler*, 134 S. Ct. at 754-55.

That rule is inapplicable here:  since no pretrial discovery is permitted under the federal rule, but only the perpetuation of testimony, there is nothing from this proceeding permitting a pre-suit deposition that would serve as a binding judgment for the later lawsuit.  The deposition is to preserve testimony that might be lost before a suit can be filed.  Indeed, given the Rule's obvious purpose of protecting the petitioner from losing such evidence, imposing a requirement of personal jurisdiction on potential adverse parties would undermine or severely limit that purpose.

In sum the Rule empowers this Court "within its sound discretion may grant an order to take a deposition 'if it is satisfied that a failure or a delay of justice may thereby be prevented.'"  Rule 27(a)(3); *In re Yamaha Motor Corp., U.S.A.*, 251 F.R.D. 97, 98-99 (N.D.N.Y. 2008), *citing Mosseller v. United States*, 158 F.2d 380, 382 (2d Cir. 1946).  The Rule is not to be used for discovery prior to the filing of a complaint, but is intended to apply where testimony might be lost to a prospective litigant unless taken quickly.  *Application In re Ramirez*, 241 F.R.D. 595 (W.D. Tex. 2006).

All these distinctions make Judge Davidson's Texas state court ruling irrelevant and inapplicable to this proceeding.  Federal Rule 27(a) does allow the anticipated lawsuit to be filed

---

*See Curtis Pub. Co. v. Birdsong*, 360 F.3d 344, 351 (5th Cir. 1966)(The due process clause "does not contemplate that a state may make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts, ties or relations.").  Thus personal jurisdiction has substantially expanded, and is still required to issue binding judgments.

in "any court of the United States" where federal jurisdiction makes it "cognizable," i.e., allowing the anticipated lawsuit(s) to be filed "in any court of the United States" where federal jurisdiction (both subject matter and personal) makes it(them) "cognizable."  The court(s) in which the lawsuit is finally filed must have personal and subject matter jurisdiction over the defendants and thus are able to issue binding final judgment.

### "Currently Unable to Bring Action or Cause It To Be Brought"

GE's counsel has cited *Petition of Johanson Glove Co.*, 7 F.R.D. 156, 157 (E.D.N.Y. 1945) for the proposition that a Rule 27(a) petitioner must show that he is presently unable to file his lawsuit because there is some obstacle beyond his control that prevents him from bringing it.

With regard to Rule 27(a)'s requirement that the petitioner demonstrate a present inability to bring any action at the time the petition is presented, it is well established that a Rule 27(a) testimony may not be sought "'because of a lack of knowledge of facts necessary' to prepare a sufficient complaint." *In re Von Drake*, Civ. A. No. 3:08-MC-064-O ECF, 2008 WL 5101715, at *2 (N.D. Tex. Dec. 2, 2008), *citing In re Boland*, 79 F.R.D. 665, 667 (D.D.C. 1978)(Rule 27 "is generally limited to potential deponents who may be unavailable after a complaint is filed due to such reasons as . . . illness . . . ."); *Petition of Ferkauf*, 3 F.R.D. 89, 91 (S.D.N.Y. 1943)("[R]ule 27 was not intended to be a discovery statute; its purpose was not to enable a prospective litigant to discover facts upon which to frame a complaint."); *In the Matter of the Petition of Rosario*, 109 F.R.D. 368, 370 (D.

-17-

Mass. 1986)(Rule 27 "applies only to that special category of cases where it is necessary to prevent testimony from being lost" and such a petition would "be justified when a witness is aged, or gravely injured and in danger of dying"); *Zuelsdorf ex rel. Cook v. Oiler*, Civ. A. No. 2:14-mc-0015, 2014 WL 1912017, at *2 (S.D. Ohio May 13, 2014)("Rule 27 is not appropriately utilized simply to gather facts in order to determine what causes of action to pursue."); *In re Landry-Bell*, 232 F.R.D. 266, 267 (W.D. La. 2005), the court held Rule 27 cannot be used "as a vehicle for compliance with Rule 11."); *In re Petition of John W. Danforth Group, Inc.*, No. 13-MC-33S, 2013 WL 3324017, at *2 (W.D.N.Y. July 1, 2013)("[C]ourts require that petitioner must make a particularized showing that intervention prior to commencement of an action is necessary to preserve the subject evidence"; "Common elements satisfying this particularization requirement include . . . a deponent's illness . . . .").

Rule 27 is "available in special circumstances to preserve testimony which could otherwise be lost." *Ash v. Cort*, 512 F.2d 909, 912 (3d Cir. 1975). As evidenced by the title and content of Reed's Amended Verified Petition to Perpetuate Her Own Testimony due to Her Asbestos Related Mesothelioma Disease" (#23) and the content of her reply (#24), "Ms. Reed's sole reason for seeking an order under Rule 27 is so that her testimony is not lost while she completes due diligence to identify any as yet unknown defendants to her anticipated suit." Reed's attorney is clear that she does not seek her deposition for Rule 26 discovery to uncover those facts and potential defendants and to draft a

complaint "'because of a lack of knowledge of facts necessary' to prepare a sufficient complaint." Rather that need for additional information about potential defendants and Federal Rule of Civil Procedure 11 prevent her from currently filing suit[10]; she is not seeking the deposition to obtain that information, and could not obtain that information that she does not currently know, in her own deposition at this time. "The rule may be invoked to memorialize evidence that is already known, rather than as a pre-trial discovery device." *Cleveland Range, LLC v. Lincoln Fort Wayne Associates, LLC.*, 43 N.E. 622 (Ind. App. 2015)(Rule 27 "is to be used when a witness' testimony might become unavailable over time and not to provide a method of discovery to determine whether a cause of action exists.), *citing Sowers v. Laporte Superior Court, No. II*, 577 N.E. 250, 252 (Ind. App. 1991)(Indiana Rule 27 closely parallels the federal counterpart and Indiana court may look to authorities construing federal rule for help in construing state rule).[11] *See also In re Ramirez*, 241 F.R.D. 595, 596 (W.D.

---

[10] Reed points out that Federal Rule of Civil Procedure 11 mandates that her attorney may not file suit until the have made a "reasonable inquiry" into the facts. Her Amended Petition at ¶ 4-6 details the efforts of counsel to identify the specific products to which she was exposed and the proper defendants for her suit.

[11] "Even though the Indiana rule governing perpetuation of testimony in advance of litigation . . . unlike its federal counterpart, . . . does not expressly require a party to demonstrate there is an impediment to suit before a petition to perpetuate it may be requested [,] . . . Indiana courts generally do require the petitioner to show why a lawsuit could not be brought at the time the petition is made." Stephan E. Arthur and Jerome L. Withered, *Perpetuation of testimony by deposition before an action is commenced*, 22 Ind. Prac., Civil Trial Practice § 22.25 (2d ed. June 2016 Update).

Tex. 2006)("Rule 27 affords relief only to those petitioners seeking to 'perpetuate testimony.' It is well established in case law that perpetuation means the perpetuation of known testimony. In other words, Rule 27 may not be used as a vehicle for discovery prior to filing a complaint."). *See also U.S. Fidelity and Guar. Ins. Co. v. Harson-Kennedy Cabinet Top Co.*, 857 N.E. 1033 (Ind. Ct. App. 2006)(where a witness is 69 years old, may become unavailable before initiation of litigation, and is the exclusive source of information related to possible litigation, a petition to perpetuation is appropriately granted).

Reed's express ground for requesting a prelitigation deposition to preserve her testimony is her ill health and possible imminent death. Reed does not seek to depose anyone but herself, wants to preserve only her own testimony about her personal and unique knowledge of her employment involving direct contact with asbestos, her reactions to it, and her medical treatment, in sum, information already known to her that she wishes to memorialize in the event that she dies from her disease before she is able to file her suit. Adverse parties also cannot use her deposition to obtain any other information outside the scope of her petition. Reed's purpose distinguishes her petition from those of petitioners who are attempting to depose other people to uncover new information about potential defendants or causes of action for use in the later litigation.

There is substantial authority supporting Reed's claim that serious illness may constitute a significant risk that a witness's testimony will be lost if not perpetuated before suit

can be filed. See, e. g., *Mosseller v. United States*, 158 F.2d 380 (2d Cir. 1946)(allowing Rule 27 deposition of petitioner's severely injured son based on affidavits by medical professionals that he might die before suit could be filed); *In re Petition of Delta Quarries and Disposal, Inc.*, 139 F.R.D. 68, 69-70 (M.D. Pa. 1991)(petitioner made sufficient showing of witness's serious illness); *In the Matter of the Petition of the Town of Amenia, New York*, 200 F.R.D. 200, 202-03 (S.D.N.Y. 2001)(finding that "[t]here is significant risk that Mr. Selfridge's testimony will be lost if not perpetuated at this time" because of his age (77) and because he had suffered several heart attacks).

Conclusory statements that evidence will be lost as time passes are not sufficient to obtain a pre-suit deposition. 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2072 (3d Cir. 1998). "To this end, courts require a particularized showing that the perpetuation of evidence is necessary to preserve testimony." *Id.* While a petitioner witness's illness may constitute justification for granting a rule 27(a) deposition, the petitioner must show that pretrial intervention is necessary to preserve the subject evidence by submission of evidence attesting to the seriousness of the deponent's condition, such as records of medical history and medical examinations or an affidavit of the deponent's treating physician or medical professionals. *Danforth Group*, 20013 WL 3324017, at \*2.; *Town of Amenia*, 200 F.R.D. at 202-03; *Delta Quarries*, 139 F.R.D. at 70 (Physician's affidavit "lacks any detail whatsoever," "gives no indication whatever concerning the

life-threatening nature of Stotler's condition[,] . . . the likelihood that his various maladies might render him incompetent to testify"; Stotler's affidavit "is somewhat more helpful" and "indicates that his doctors have informed him that he has the use of only 15% to 20% of his heart and he stated that he takes approximately twenty pills a day for his various ailments," and "based upon his discussions with his doctors, he has already made arrangements for his funeral," but significantly he additionally submitted his Clinical Record from the Medical Center where he was treated indicating that he "suffers from:  acute pulmonary edema-CHF, ventricular dysrhythmia, multifocal ventricular contractures with bigeminy, status post myocardial infarction-May 1980, diabetes mellitus, peripheral vascular disease, severe congestive cardiomyopathy with left ventricular ejection fraction 15, trace mitral regurgitation and mild tricuspid.").

Reversal of a judge's decision to order the prelitigation deposition of a witness to perpetuate his testimony in order to avoid a failure or delay of justice is only warranted if the judge abuses his or her discretion. *Cort*, 512 F.3d at 912. The court's discretion whether to grant or deny a petition "encompasses the nature and quality of evidence required to make or rebut the required showing in rule 27(a)(1)." *In re Bay County Middlegrounds Landfill Site*, 171 F.3d 1044, 1046 (6th Cir. 1999). Wright and Miller state that while ordinarily it is sufficient to show there is danger of loss of testimony, "it is advisable, though not necessary, to show any particular circumstances, indicating a more concrete danger of loss.  Thus, medical opinion

that a person might die before an action can be brought is a good reason for perpetuating his testimony." 8 Charles Alan Wright, *et al., Federal Practice and Procedure* § 2072 at pp. 660-61(West 1994).

Accordingly, the Court

ORDERS counsel for petitioner to submit under seal as soon as possible such specific medical professionals' evidence, with an indication of the status of Petitioner's health, the stage of Petitioner's disease, and wether it has metastasized.

**SIGNED** at Houston, Texas, this  29th  day of  September, 2016.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE